UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REGINA ROZA,                          :
                    *Plaintiff,*      :
                                      :
VS.                                   :        C.A. No.
                                      :
CASEY HOLMES AND SETH                 :
LAVIGNE, in their individual capacities, :
and CITY OF TAUNTON,                  :
                    *Defendants.*     :

## **COMPLAINT**

### **Parties**

1.      Plaintiff Regina Roza is a resident of Hanson, Massachusetts.

2.      Defendants, Casey Holmes and Seth Lavigne, were at all times relevant to this Complaint duly appointed police officers of the Taunton Police Department. Their actions alleged in this Complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Taunton. They are sued in their individual capacities.

3.      Defendant City of Taunton is a duly organized municipal corporation under the laws of the Commonwealth of Massachusetts. At all times relevant to this action, the Taunton Police Department was a department within the City of Taunton.

### **Jurisdiction & Venue**

4.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over the state claims.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a

substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Massachusetts.

## **Factual Allegations**

6.      The above paragraphs are incorporated by reference.

7.      Ms. Roza is 61 years old. As of November 17, 2019, she was 5'3" and weighed 110 pounds.

8.      Ms. Roza was living in Taunton, Massachusetts in November 2019.

9.      On or around November 15, 2019, Ms. Roza's neighbor obtained a Harassment Prevention Order against her.

10.      On November 17, 2019, Ms. Roza's neighbor reported to the Taunton Police Department that Ms. Roza spoke to her in the hallway of their shared apartment building.

11.      Ms. Roza denies this allegation.

12.      On November 17, 2019, Officers Holmes and Lavigne arrived at the door outside Ms. Roza's apartment to arrest her.

13.      The officers did not have a warrant to enter Ms. Roza's home. Similarly, no warrant had been issued for her arrest.

14.      Officer Holmes and Lavigne knocked on Ms. Roza's apartment door.

15.      Officer Holmes wrote in the police report that Ms. Roza "opened the door slightly and stood in the doorway."

16.      When the officers explained why they were there, Ms. Roza denied the allegations against her.

17.      Ms. Roza asked if the officers had "a warrant," and they did not.

18.      Ms. Roza tried to close the door.

2

19.     Defendants did not have a warrant to enter Ms. Roza's home.

20.     Ms. Roza did not consent to the officers' entry into her home.

21.     No exigent circumstances existed.

22.     According to Officer Holmes's police report, when Ms. Roza "attempted to slam the door," "Officer Lavigne and [Officer Holmes] were able to wedge the door with our body [sic] and stop it from being shut."

23.     Based on Officer Holmes's own description of the events, he and Lavigne unlawfully entered Ms. Roza's home to arrest her.

24.     Ms. Roza presented no danger to the officers or anyone else.

25.     Ms. Roza was not suspected of violent crimes.

26.     Aside from trying to close the door to retreat into her apartment, Ms. Roza offered no physical resistance and did not attempt to flee the officers.

27.     Ms. Roza's apartment door opened into her kitchen.

28.     One of the officers grabbed the back of Ms. Roza's head and pushed her face onto her kitchen counter.

29.     An officer pushed Ms. Roza onto the kitchen floor, causing a near-complete tear in Ms. Roza's anterior cruciate ligament (ACL) in her left knee.

30.     The ACL connects the thighbone to the shinbone. It helps stabilize the knee joint.

31.     It is likely that Ms. Roza will require surgery for ACL reconstruction.

32.     Ms. Roza's pre-existing anxiety has been exacerbated as a result of Officers Holmes's and Lavigne's unreasonable use of force.

33.     As a domestic violence survivor, Ms. Roza was devastated to experience this physical abuse and trauma inside her home.

34.     As a result of the actions of Officers Holmes and Lavigne, Ms. Roza also sustained a laceration and contusion to her forehead and swelling and contusions to her hands and wrist.

35.     To cover up their use of unreasonable force, Officer Holmes lied in the police report and stated that Ms. Roza resisted arrest and ran from them inside her apartment. He and Officer Lavigne caused Ms. Roza to be charged with Resisting Arrest.

36.     On September 13, 2022, the Taunton District Court dismissed the Resisting Arrest charges against Ms. Roza.

## CLAIMS

**COUNT  I**          **42 U.S.C. § 1983 Claims against Defendants Holmes and Lavigne**

37.     The above paragraphs are incorporated by reference.

38.     Defendants Holmes and Lavigne used excessive and unreasonable force against Ms. Roza.

39.     Defendants acted jointly and in concert using excessive and unreasonable force. In the alternative, one of the Defendants saw the other using excessive and unreasonable force and failed to intervene to prevent it despite a duty and opportunity to do so.

40.     Defendants' actions deprived Ms. Roza of her clearly established right to be free from unreasonable seizures of her person under the Fourth and Fourteenth Amendments.

41.     As a direct and proximate result of Defendants' actions, Ms. Roza sustained the damages described above.

**COUNT  II**          **Massachusetts Tort of Assault and Battery Against Defendants Holmes and Lavigne**

42.     The above paragraphs are incorporated by reference.

43.     Defendants Holmes and Lavigne, acting jointly and in concert, committed the common law tort of assault and battery against Ms. Roza without legal justification.

44.     Defendants' use of force was unreasonable and unprivileged.

45.     As a direct and proximate result of Defendant's actions, Ms. Roza sustained the damages described above.

**COUNT  III**          **Negligence against Defendant City of Taunton**

46.     The above paragraphs are incorporated by reference.

47.     On or around October 6, 2021, a notice pursuant to Mass. Gen. Laws ch. 258, § 4 was sent to the City Solicitor for the City of Taunton.

48.     Ms. Roza properly performed the conditions precedent to filing an action under Mass. Gen. Laws ch. 258.

49.     The City of Taunton failed to respond in writing to Ms. Roza's presentment letter, as delineated in Mass. Gen. Laws ch. 258, § 4.

50.     Defendants Holmes and Lavigne were acting within the scope of their employment as Taunton police officers at all times alleged in this Complaint.

51.     Defendants Holmes and Lavigne were public employees of the City of Taunton at all times alleged in this Complaint.

52.     Defendants Holmes and Lavigne were negligent in their use of force against Ms. Roza, including, but not limited, in their decision to use force and the methods employed.

53.     To the extent any of the foregoing allegations of negligence are inconsistent with the allegations in support of Plaintiff's claims of intentional misconduct in Counts I and II, the allegations of negligence are pleaded in the alternative.

54.     As a direct and proximate result of Defendant's actions, Ms. Roza sustained the damages described above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Regina Roza prays that a judgment for the following relief be entered in her favor and against Defendants:

a.  Award compensatory damages against all Defendants;

b.  Award punitive damages against Defendants Holmes and Lavigne;

c.  Award the costs of this action including reasonable attorney's fees; and

d.  Award such other relief as this Court deems appropriate and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury.

PLAINTIFF,
Regina Roza,
By her Attorney,


/s/ Georgi J. Vogel-Rosen
Georgi J. Vogel-Rosen, Esq.     BBO 693813
BIANCHI BROUILLARD SOUSA O'CONNELL, P.C.
The Hanley Building
56 Pine Street, Suite 250
Providence, R.I. 02903
Tel: 401-223-2990
Fax: 877-548-4539
Email: gvogelrosen@bbsolaw.com